1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

MARK E. CURRY,                              2:11-CV-908 JCM (LRL)

8                    Plaintiff,

9       v.

10      W. THOMAS LAWRIE, et al.,

11                   Defendants.

12

13

14                              **ORDER**

15          Presently before the court is plaintiff Mark E. Curry's emergency motion for a temporary

16   restraining order. (Doc. #4).

17          Plaintiff filed his complaint (doc. #1) on June 3, 2011, against defendants Maryland Assistant

18   Attorney General W. Thomas Lawrie, Maryland Attorney General Douglas F. Gansler, and Maryland

19   Commissioner of Financial Regulation Mark A. Kaufman (hereinafter "the commissioner"). The

20   complaint asserts claims for (1) declaratory relief and (2) injunctive relief, and arises out of a

21   subpoena defendants attempted to serve on plaintiff relating to a hearing before the Maryland State

22   Collection Agency Board (hereinafter "the board"). (Doc. #1).

23          According to plaintiff, on November 17, 2010, the commissioner issued and filed with the

24   board a cease and desist order, a summary suspension order, and an order to produce against plaintiff

25   Mr. Curry, individually, and the collection agency of Smith, Haynes & Watson, LLC. (hereinafter

26   "the collection agency"). (Doc. #4). The commissioner asserted that the collection agency and the

27   plaintiff, collectively referred to as "the respondents," violated Maryland laws by unlawfully

28

**James C. Mahan**
**U.S. District Judge**

attempting to collect loans that were made by unlicensed third-party entities. *Id.*

Following the filing of the documents against the plaintiff and the collection agency, the matter was set for a hearing before the board . *Id.* Subsequently, the commissioner "unilaterally transferred" the hearing to the Maryland Office of Administrative Hearings, and a hearing was scheduled to be held on June 9, 2011. *Id.* Contending that the allegations against him are both substantively and procedurally improper, plaintiff filed a motion to dismiss the administrative action against him. (Doc. #4 Exhibit 2). Specifically, plaintiff asserted that (1) the state of Maryland does not have personal jurisdiction over him as he is a Nevada resident who lacks sufficient minimum contacts with the state of Maryland, (2) he has never been properly served with process, and (3) the state of Maryland does not have the authority to regulate him since he is undisputedly not a Maryland "licensee." *Id.*

Rather than file an opposition to the motion to dismiss, the attorney general's office allegedly requested that a ruling on the motion be deferred until the time of the merits hearing on June 9, 2011. Further, as plaintiff asserts, in an attempt to compel the plaintiff's attendance at the hearing, the attorney general has caused a Maryland subpoena to be issued to plaintiff Mr. Curry. (Doc. #4). The attorney general has attempted to have the subpoena served on plaintiff at his residence in Nevada and by mailing a copy to counsel in Maryland. *Id.*

In the present motion for a temporary restraining order (doc. #4), plaintiff contends that if he personally appears in Maryland for the hearing, he "would risk subjecting himself to personal jurisdiction in the [s]tate of Maryland," thus obviating his grounds for dismissal of the administrative action. Further, he asserts, and this court agrees, that since he was never properly served, the subpoena is invalid and void.[1] (Doc. #4). In the motion (doc. #4), plaintiff seeks declaratory and

---

[1] Under Maryland Law, an administrative hearing subpoena may only be served by either personally delivering the subpoena to the witness, or by mailing it to the witness via certified mail, restricted delivery. Code of Maryland Regulations ("COMAR") § 09.01.02.12. Further, under Nevada law, attempted service of a Maryland subpoena on a Nevada resident in the state of Nevada is not proper service, and is invalid to compel a Nevada resident to attend a hearing in Maryland. *See e.g. Atlantic Commercial Development Corporation v. Boyles*, 732 P.2d 1360 (1987); *Bartell v. Bartell*, 357 A. 2d 343, 347, 278 Md. 12, 19 (1976) ("Obviously, the subpoena powers of the State

injunctive relief, wherein the court would, among other things;

(1) enjoin defendants from attempting to compel his attendance in the state of Maryland for a hearing on the administrative action via the subpoena they "attempted" to serve upon him;

(2) determine and declare that the subpoena is invalid to compel him to attend the hearing in Maryland and has no force or effect;

(2) determine and declare that he has not been properly served and such service is invalid to compel his attendance;

(3) determine and declare that mailing the subpoena to his Nevada residence is invalid service and is invalid to compel his appearance;

(4) determine and declare that mailing the subpoena to persons other than him in the state of Maryland is invalid service and is invalid to compel his attendance; and

(5) quash the subpoena

(Doc. #4).

According to Fed. R. Civ. P. 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the

---

of Maryland stop at the state line."). Additionally, the mailing of a copy of a Maryland subpoena to an attorney in Maryland is not proper service and is invalid. *Id.*

1   merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships;

2   and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

3           When looking at the likelihood of success on the merits of the plaintiff's complaint, as stated

4   above, this court recognizes that the service of the subpoena in question was not properly executed

5   and is invalid. However, based on other grounds, the court is not inclined to find a showing of a

6   likelihood of success. Plaintiff's complaint alleges that this court has personal jurisdiction over the

7   defendants pursuant to NRS 14.065.1. (Doc. #1). Specifically, plaintiff contends that defendants,

8   "through their actions set forth [in the complaint], have purposefully availed themselves of [the]

9   privilege of conducting activities in the [s]tate of Nevada, made substantial and direct contacts with

10  the [s]tate of Nevada, and [that personal jurisdiction is established] because this action arises out of

11  the [d]efendants' specific activity in the [s]tate of Nevada." (Doc. #1).

12          Within the complaint (doc. #1), the only reference to the defendants doing any activity in

13  Nevada is the mailing of the subpoena (doc. #1 Exhibit 3) to the plaintiff's Nevada residence. The

14  court does not find that defendants' actions rise to the level of "substantial contacts" or "purposeful

15  availment" for purposes of establishing personal jurisdiction. Therefore, as this court lacks personal

16  jurisdiction over the defendants, there is not a likelihood of success on the merits of plaintiff's

17  claims. Additionally, with regards to plaintiff's request to quash the subpoena in question, this court

18  lacks the authority to quash a Maryland subpoena, and such relief should be sought in the proper

19  venue.

20          Accordingly,

21          IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Mark E. Curry's

22  emergency motion for temporary restraining order (doc. #4) be, and the same hereby is, DENIED.

23          DATED June 8, 2011.

24

25                                                          _____
                                                            **UNITED STATES DISTRICT JUDGE**
26

27

28

James C. Mahan
U.S. District Judge
                                                    - 4 -